[No. 5868.]

## C. J. HUTCHINSON, H. R. MANN, AND A. D. SMITH *v.* STATE INVESTMENT AND INSURANCE CO.

AN INSURANCE COMPANY AS AGENT FOR INSURERS.—The officers of a company incorporated under the statutes relating to insurance corporations have no power, as agents of an applicant, to apply to another insurer for a policy, and to accept the policy as such agent, so as to make the corporation or its stockholders liable to the insurer for the premiums.

APPEAL from the District Court of the Nineteenth Judicial District, San Francisco.

The action was brought to recover premiums alleged to be due the plaintiffs, as agents of certain insurance companies, upon policies of insurance issued to sundry persons at the request of the defendant, acting as the agent for such persons. Judgment was rendered for the plaintiffs, and the defendant appealed.

*J. M. Seawell,* for Appellant.

An executory agreement by a corporation to do something not necessary, either directly or indirectly, to accomplish the purposes of its organization, is void. (Angell & Ames on Corporations, sec. 256; *Coleman v. S. R. T. Co.* 49 Cal. 519.) The alleged agreement to pay the premiums for other persons was not necessary, either directly or indirectly, to accomplish the corporate purposes of defendant. They were *ultra vires.*

*Winans & Belknap,* for Respondent, cited *Hodges* v. *New England Screw Co.* 1 R. I. 347; Angell & Ames on Corporations, sec. 158; *Bissell* v. *The Michigan S. & N. V. R. R. Co.* 22 N. Y. 258; *Akin* v. *Blanchard,* 39 Barb. 427; *Nelson* v. *Eaton,* 26 N. Y. 410; 12 Mich. 138; 7 Wend. 31; 2 Cow. 678; 5 Florida, 40.

By the COURT:

It is alleged in the complaint: "That defendant is a corporation created by and under the laws of this State, and organized pursuant to the same, to carry on the fire, marine, and inland

navigation insurance business in the State of California and elsewhere." And the Court below found: "The defendant *is* and was * * * a domestic incorporation doing an insurance business."

We have been referred *to no provision*, and an examination of the statutes relating to insurance incorporations has resulted in the discovery of no provision, of law which would authorize the officers of the defendant to enter into or to carry into effect the contract sued upon. The contract was *ultra vires*, and neither the corporation or stockholders can be bound by it.

As to the averments contained in the amended complaint, the District Court failed to pass upon the issues presented by them. We cannot here, for the first time, try those issues.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.